COUNTY OF ONONDAGA et al., Petitioners, v. NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.— Determination of discrimination unanimously confirmed, with costs, and matter remitted to State Division of Human Rights for further proceedings in accordance with the following memorandum: Respondent-petitioner County of Onondaga appeals from an order and decision of the State Human Rights Appeal Board dated March 21, 1974 which affirmed the order and decision of the Commissioner of Human Rights dated October 4, 1973. Complainant, Elsie L. Klocek, has been a full time Deputy Matron in the Onondaga County Sheriff's Office since October, 1964. It was conceded that the Deputy Matron's duties were the same as that of the male Deputy Jailer, yet the pay range was less for Matrons. As of January 1, 1972, Deputy Matron was a Grade 1 position with a salary range of $5,644 to $6,956 and Deputy Jailer was a Grade 3 position with a salary range of $6,746 to $8,453. In order to overcome the inequity the county, through its Legislature in July, 1972, reallocated the position of Deputy Matron to Grade 3. The personnel involved were upgraded from Grade 1 to Grade 3 by what is referred to as the "normal promotion formula". The formula determines the proper step in the new grade by taking the salary at the old grade, adding the current dollar annual increment in the new grade and placing the person at the next step above the total figure in the new grade. Complainant was upgraded pursuant to this method from Grade 1, step 6 to Grade 3, step 3. She argued, and the Commissioner and Appeal Board agreed, that she should have been upgraded on a step for step basis. Accordingly the Commissioner ordered *inter alia* that complainant be placed at Grade 3, step 6. The Appeal Board affirmed and the county appeals to this court (Executive Law, § 298). All parties recognize that women are entitled to the same compensation as

men for the same work (*Matter of Mize* v. *State Div. of Human Rights*, 38 A D 2d 278, affd. 31 N Y 2d 1032, mod. 33 N Y 2d 53). The issue here relates to the manner in which complainant was upgraded in an attempt to equalize an admittedly discriminatory pay scale wherein women received less pay than men for the same work. The county suggests that the male jailers were placed in Grade 3 from a grade within a now discarded system by use of the normal promotion formula. It argues that it is not discriminatory to use the same method for placing Matrons into Grade 3. We cannot agree, since the starting point under that method is the employee's existing salary which is admittedly less for the Matron. The use of the normal promotion formula simply transfers the inequity from one grade to another. At the same time, however, there is nothing in the record to indicate that a step for step method accomplishes the desired end of equal compensation. It may well be that such a method results in the Matron being placed at a higher step than her male counterpart Jailer. In our opinion, the division should determine at what step in Grade 3 complainant would be had she been a Deputy Jailer since October, 1964. The county should then take the necessary measures to place complainant at that step. Finally, we note that the Commissioner's order of back pay was warranted here and certainly not an abuse of discretion (see *Matter of Mize* v. *State Div. of Human Rights*, 33 N Y 2d 53, 56, *supra*). (Review of orders of State Division and Appeal Board finding discrimination.) Present — Witmer, J. P., Cardamone, Simons, Mahoney and Goldman, JJ.